IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NYCERE EZIKIEL BEY,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               ) Civ. Action No. 17-162-GMS
                                       )
UNITED STATES OF AMERICA,              )
                                       )
            Defendant.                 )

## MEMORANDUM

The plaintiff, Nycere Ezikiel Bey ("Bey"), commenced this action on February 15, 2017.

(D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to

28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

Bey filed several documents when he commenced this case including: (1) a notice of tort

claim and opportunity to cure, naming the tortfeasor as the United States of America/City of

White Plains and referring to an ongoing injury; (2) an affidavit in support of tort signed by Ali

Anu-El ("Anu-El"); (3) an obligation signed by Anu-El; (4) certificate of non-response and

opportunity to cure; (5) negative averment signed by Anu-El; (6) notice of lien; and (7) affidavit

of notice of default. It is not entirely clear, but the negative averment seems to state that either

Anu-El's or William Cornell Armstrong, Jr.'s ("Armstrong") constitutional rights were violated

by police officers/detectives in the City of White Plains, New York in October 2003. The

obligation refers to a pre-settlement offer (*i.e.*, demand) in the sum of fifty million dollars. It

seems that when there was no response to the demand, Bey deemed this as a default judgment.

RECEIVED

MAY 1 8 2017

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Bey also filed a motion for summary judgment. (D.I. 3.) However, the motion refers to debtor Curtis Lamarr Flanagan, not Armstrong.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bey proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bey leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## III. DISCUSSION

The documents identify Bey as having a limited power of attorney for Anu-El, and Anu-El as a secured party/creditor of debtor Armstrong. Bey states that says the defendants have violated several provisions of the Uniform Commercial Code, admiralty law, and the Constitution, all of which, it appears, happened in 2003. Bey states that the United States is a corporation and the City of White Plains is a sub-corporation under the United States, its parent corporation.

The allegations in the complaint are both legally and factually frivolous. As pled, there is no legal basis for Bey's claims.[1] Indeed, the allegations are conclusory, somewhat delusional, and in the court's experience and common sense, lead it to recognize that the complaint does not state a plausible claim for relief.[2] *See Iqbal*, 556 U.S. at 679.

## IV. CONCLUSION

For the above reasons, the court will: (1) deny as moot the motion for summary judgment (D.I. 3); and (2) dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile.

An appropriate order will be entered.

May 15, 2017
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[1]To the extent the claims accrued in 2003, it appears from the face of the complaint that they are time-barred, the complaint having been filed some 14 years later.

[2]Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action *pro se* with a limited power of attorney. *Harris v. Philadelphia Police Dep't*, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006); *accord Montelione v. Corbett*, 2008 WL 1994816 (M.D. Pa. May 2, 2008). As a non-attorney, Bey may not act as an attorney other individuals and may only represent himself in this court. *See* 28 U.S.C. § 1654.

4